NEW-YORK PRACTICE REPORTS. **169**

Wallace agt. The Mayor, &c., of New-York.

## NEW-YORK COMMON PLEAS.

WILLIAM WALLACE agt. THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW-YORK.

A *plaintiff* may be examined as a witness in his own behalf (*Code*, § 399) in an action against a *municipal corporation.*

If the corporation of the city of New-York suffer, as in this case, a part of the public highway to remain out of repair, in so exposed and dangerous a state that a passenger, without any negligence on his part, drops at night into a pit-fall in the sidewalk, and is injured, it must answer to the injured party for the damages occasioned by its negligence.

The liability of the corporation for the neglect of its duty, to keep the streets in repair, which is imposed upon it by statute, is distinguishable from cases where the streets are obstructed by the acts of others.

Where the evidence does not show that the act causing the injury has been *wilfully* done, or the circumstances such as to show a deliberate and positive intention to injure, or a reckless disregard of the safety of persons or property, the jury should not be instructed that they may give vindictive or punitory damages; but charged that the plaintiff can recover only such damages as are the legitimate and direct result of the accident.

*New-York General Term, November,* 1859.
MOTION for a new trial.

F. H. B. BRYAN, *for respondent.*

A. R. LAWRENCE, JR., *for appellants, argued the following points:*

*First.* The plaintiff should have been excluded from testifying upon the objection raised by the defendants' counsel.

*a.* The 399th section of the Code, as amended, was clearly intended to admit the testimony of one party to a suit, only when the adverse party is living, and capable of testifying in his own behalf.

*b.* The defendants are not, within the meaning of the section, a *living party.*

They are an artificial body, created for certain political and governmental purposes, and none of their officers or employees

have the direct or immediate interest in the event of this suit which the plaintiff has, or the interest which both parties ordinarily have in the result of a litigation.

*c.* The effect of admitting the testimony of the plaintiff in this case is to enable a party to put his own coloring upon the case, while the other party is, from the nature of things, excluded from rebutting that testimony.

The intention of the legislature was to give each party an equal chance for placing the court in possession of the facts relied upon by him for complaint or defence, not to give to one party an advantage over the other in that respect.

*Second.* The motion of the defendants' counsel for a dismissal of the complaint should have been granted.

*a.* The ordinances of the defendants impose upon the "owners, occupants, or lessees of the lots fronting upon the streets of the city, the duty of paving and keeping in repair the sidewalks in front of their lots."

*b.* The defendants were authorized by their charters to pass such an ordinance, and it was a proper exercise of their governmental power. (*Charter of Montgomerie,* § 14, *Kent's ed.,* 1854, *p.* 94.)

*c.* The case, therefore, presents merely a violation of an ordinance of the defendants by the parties owning or occupying the lots fronting upon the side-walk in question; and for the injuries sustained by individuals from such a violation, it is well settled that the defendants are not liable. (*Levy agt. Mayor,* 1 *Sand.* 465; *Griffin* agt. *Mayor,* 5 *Seld.* 456; *Same case, opinion* SANDFORD, J.)

*Third.* The principle established in the case of *Hutson* agt. *The Mayor* is not applicable to this case, because—

1st. There is no legal evidence showing that the place at which the plaintiff was injured was ever laid out or opened as a public street, or that the defendants had control thereof. It is alleged in the complaint that the hole in question was in a street, and the allegation is denied by the answer.

And it was incumbent upon the plaintiff to show the fact as the foundation of his action. (*Code,* § 168.)

Wallace agt. The Mayor, &c., of New-York.

2d. It does not appear that the hole in question was caused by a neglect of the defendants to repair the side-walk.

3d. In *Hutson's* case, the injuries of which the plaintiff complained were occasioned by a neglect of the defendants to repair the carriage-way of the street, which had been out of order for a long time; and it did not appear that there was any ordinance of the defendants imposing the duty of making such repairs upon private individuals. (5 *Seld.* 163.)

4th. The evidence in *Hutson's* case showed that the excavation into which the plaintiff fell had been in existence for such a length of time as would justify the court in presuming that the corporation had notice of its existence.

In this case, no notice of the existence of the hole into which plaintiff fell was brought home to defendants.

*Fourth.* The learned judge erred in refusing to charge, that notice to the defendants of the existence of the hole, and the lapse of a reasonable time between such notice and the accident to allow the defendants to repair the same, must be shown, to entitle the plaintiff to recover.

*a.* The charters of the defendants only allow them to have work performed when the expense exceeds a certain amount ($250), by contract, made after an advertisement for ten days, &c.

If the plaintiff can recover without proof of notice and neglect to repair, then, while the charter of 1853 prohibits expenditures beyond $250, without the advertisement aforesaid, the law would render the defendants liable for not doing an illegal act.

*b.* Besides, the ordinances of the defendants only authorize the street commissioner to order the side-walks to be paved or repaired after *complaints* have been made to him that the same are out of repair, and after he has notified the owners, &c., of the lots, &c., to pave or repair the same, and they have neglected so to do.

There can be no dispute about the power of the defendants to pass the ordinance. (*Montgomerie Charter,* § 14.)

The defendants are not bound to see, at their peril, that all

their ordinances are enforced. (*Levy* agt. *Mayor*, 1 *Sand.* 465; *Griffin* agt. *Mayor*, 5 *Seld.* 456.)

And until complaints are made, or notice given to the street commissioner, there is no neglect of duty on the part of the defendants, for which they are liable to respond in damages.

*Fifth.* For the reasons stated in the third point, the learned judge erred in refusing to charge as requested in the 5th and 7th propositions of defendants' counsel.

*Sixth.* The learned judge erred in refusing to charge as requested, that "if the plaintiff is entitled to recover at all, he is only entitled to recover for the damages which he sustained, as a legitimate and direct result of the accident," and that "the plaintiff is not entitled to recover punitory or vindictive damages," as in the 8th and 9th propositions of defendants' counsel.

*a.* There is no malice or moral wrong shown on the part of the defendants.

*b.* In such cases, the jury cannot give anything beyond compensation for the actual loss sustained by the injured party. (*Sedgwick on Damages*, 82 ; *Clark* agt. *Brown*, 18 *Wend.* 213, 229 ; *Butler* agt. *Kent*, 19 *John.* 228.)

*Seventh.* The damages to which the plaintiff is entitled (if entitled to recover at all), being confined strictly to actual compensation for the loss which he sustained by the injury, and there being no evidence as to the amount which he expended for his cure, nor any evidence by which the jury could measure such expense, the defendants were entitled to have the jury instructed as requested in the 10th proposition.

*Eighth.* The judgment at the special term should be reversed, and a new trial ordered.

By the court—DALY, J. The first question in this case is, whether the plaintiff could be examined as a witness in his own behalf in an action against the corporation of the city of New-York. By the 399th section, the examination of a party as a witness on his own behalf is conditional. It can be had

Wallace agt. The Mayor, &c., of New-York.

where the adverse party or person in interest is living, unless the opposite party is the assignee, administrator, executor, or legal representative of a deceased person. It is objected that the defendants here are not, within the meaning of this section, a living party, but an artificial body, created for certain political and governmental purposes; and that the effect of admitting the testimony of the plaintiff in this case is, to enable a party to put his own coloring upon the case, while the other party is, from the nature of things, excluded from rebutting that testimony. That the intention of the legislature was to give each party an equal chance for placing the court in possession of the facts relied upon by him, for complaint and defence, not to give one party an advantage over the other in that respect.

The defendants may, in my judgment, be regarded as a living party within the meaning of this section. The chief distinguishing attribute of a corporation is, its power of continuous duration, unaffected by the death, incapacity or change of its members. As Lord COKE expresses it, " it is not subject to imbecilities or death of the natural body ; for a corporation aggregate of many is invisible, immortal." (*Case of Sutton's Hospital*, 10 *Coke R.* 326.) It is calculated for, and capable of duration for ever, where no limitation is fixed by the act that creates it, though it may be brought to a termination by accident or by certain defaults of duty on the part of its members at any period ; but, however long its duration, the corporation always continues the same ; and the same rights, privileges, duties and liabilities, attach to it, as it had at the first moment of its creation, precisely as though it was an individual. (*Grant on Corporations*, 3.)

It is so far considered to have a personality of its own, that the word person in statutes has often been construed to include corporations. (*The Dean and Chapter of Bristol* agt. *Clark*, 1 *Dyer*, 83 *b ;* 2 *Coke Inst.* 722 ; *Cortis* agt. *Kent Waterworks Co.*, 7 *B. & C.* 314; *Boyd* agt. *Croydon Railway Co.*, 4 *Bing. N. C.* 660 ; *Attorney-General* agt. *Newcastle*, 5 *Beavan*, 307 ; 1 *Reeves' History of the English Law*, 76, 79.) It may sue or be sued ; and

174 NEW-YORK PRACTICE REPORTS.

Wallace agt. The Mayor, &c., of New-York.

as it has this unbroken personality and power of perpetual suc-ecssion, it may, without any violation of language, be referred to, and embraced in a statutory designation of a living party. Nor will this construction have the effect of allowing one party to give testimony whilst the other is necessarily excluded from rebutting, or defeat the intentions of the legislature, by not giving each party an equal chance of testifying.

The parties, defendants to this action, the mayor, aldermen and commonalty of the city of New-York, by their corporate name or title, are and always were, together with their officers and agents, competent witnesses in an action, in which the rights or liabilities of the corporation are in controversy. (*Van Wormer* agt. *The Mayor, Aldermen and Commonalty of the city of Albany*, 15 *Wend.* 262; *Watertown* agt. *Cowen*, 4 *Paige*, 510; *ex parte Kip*, 1 *id.* 613; *Falls* agt. *Bellknapp*, 1 *Johns.* 486; *Corwin* agt. *Haines*, 11 *id.* 76; *Bloodgood* agt. *Jamieson*, 12 *id.* 285; *Code*, § 398.) And this applies not merely to the members of municipal, but also to private corpo-rations, the members or stockholders of which were formerly inadmissible as witnesses by reason of their interest, a disquali-fication which no longer exists. The defendants, therefore, in this action, could avail themselves of every right that any other defendant could have, and even more, as they could all be ex-amined as witnesses, whether the plaintiff offers himself as a witness or not.

The corporation are bound to keep the streets and avenues of the city in such repair that they may be safely traveled when they are opened for public use, and if they negligently suffer them to get out of repair, they are liable for any injuries that may happen to persons through such negligence. (*Hut-son* agt. *The Mayor, &c., of New-York*, 5 *Seld.* 163; *The May-or, &c., of the city of New-York* agt. *Furze*, 3 *Hill*, 612; *The Rochester White Lead Company* agt. *The City of Rochester*, 3 *Comt.* 464.) The evidence was sufficient to warrant the jury in finding that the plaintiff was walking, at the time of the ac-cident, through an avenue open for public use. He was walk-ing up the 11th avenue at ten o'clock at night, when, at the

corner of 31st street, he pitched forward into a hole in the side-walk, ten feet wide, seven feet across and five feet deep, and was severely injured. The corporation have provided by ordinance that the side-walks shall be paved and kept in good repair by the owners, lessees or occupants of the houses or lots. fronting on any street or avenue, under a certain penalty, and if they neglect to do so, it is to be done by the corporation at the expense of the owners, lessees or occupants, in the manner provided by the ordinance. Upon complaint made to the street commissioner, he is to notify the owners, &c., and if they do not repair it within a certain time, he is to have it done, if the expense does not exceed $250, and if it exceeds that sum, it is to be done by contract, in the manner provided by ordinance. The side-walk is a part of the public street, designed for the use of those who travel on foot, and though the corporation may impose upon the owners of lots, fronting upon the streets or avenues, the burden of paving and keeping the side-walks in repair, they do not thereby relieve themselves of the duty imposed upon them by charter and by statute of " altering, amending," and keeping in repair the streets and highways within the city. (*Kent's Charter*, 15, 99, 235, 237 ; *Laws of* 1813, *chapter* 86 ; 2 *Rev. Laws*, 407, § 175 ; *Wilson* agt. *The Mayor, &c., of New-York*, 1 *Denio*, 601.)

And if they suffer, as in this instance, a part of the public highway to remain out of repair, in so exposed and dangerous a state that a passenger, without any negligence on his part, drops at night into a pitfall in the side-walk, and is injured, they must answer to the injured party for the damages occasioned by their negligence. Their liability for the neglect of a duty like this, to keep the public streets in repair, which is imposed upon them by statute, is distinguishable from cases where the streets are obstructed by the acts of others, as in *Griffin* agt. *The Mayor, &c., of New-York* (5 *Seld.* 457) ; or where parties erecting buildings suffered piles of rubbish to incumber the street, which led to the accident, for which the corporation were sought to be made liable, as *Levy* agt. *The Mayor, &c.* (1 *Sandf. S. C. R.* 465), in which they were sought

to be made liable for an accident caused by swine running at large in the street, in which cases they could not be held liable for negligence, until they were notified or advised of the obstruction, and had neglected to cause it to be removed.

I think, however, that the instruction to the jury, that they might give exemplary damages if they thought that the corporation was guilty of gross negligence in suffering the hole to remain in the condition it was, was erroneous, and that the defendant was entitled to have the jury instructed as he requested ; that the plaintiff could recover only for such damages as were the legitimate and direct result of the accident, and that he was not entitled to recover punitory or vindictive damages. For all that appeared in the evidence, the hole in the side-walk may have been the work or act of a private individual, in no connection with the corporation, and there was nothing in the evidence to show that the corporate authorities were notified of it, or had any knowledge of its existence. The recovery of punitory or vindictive damages is allowed only where the act causing the injury has been wilfully done ; where the circumstances show that there was a deliberate, preconceived, or positive intention to injure, or that reckless disregard of the safety of person or property which is equally culpable.

The evidence in this case would not warrant the jury in forming any such conclusion as respects the corporation. It may be doubted if the instruction had any injurious effect, as the damages found by the jury were very moderate under the circumstances. Still, we cannot say that it had not, and will, therefore, though reluctantly, be compelled to order a new trial.