## THE CITY OF PARSONS v. W. H. LINDSAY.

1. WITNESSES, *Opinions of; Rule; Experts.* In an action brought by the plaintiff against a city, for injuries resulting from a fall caused by an alleged defective street-crossing, the plaintiff introduced witnesses, who were not shown to be experts, or possessed of any peculiar skill or knowledge with reference to street-crossings, but who had seen the street-crossing at which the accident in the present case occurred, and the court permitted the plaintiff, over the objections of the defendant, to introduce in evidence the opinions of such witnesses that the street-crossing where the accident occurred was unsafe and dangerous. *Held,* error. As a general rule the opinions of witnesses are not competent, although such opinions may be derived from the witnesses' personal observation, and are sought to be given in evidence in connection with the facts on which they are based. To this rule there are some exceptions. In matters relating to skill or science, such persons as have had sufficient experience, or who are possessed of sufficient knowledge, and who are usually denominated *experts,* may give their opinions, whether they are personally cognizant of the facts, or not. There are also some exceptions, seemingly founded upon convenience or necessity, and relating to such matters as involve magnitudes or quantities, or portions of time, space, motion, gravitation, or value, and such as involve the condition or appearance of objects, as observed by the witness, and matters which, from their limitless details, and the infirmity of language and memory, cannot well be stated by the witness, except in the form of an opinion. But the case above stated does not come within any of the exceptions, but comes within the general rule.

2. DAMAGES; *Negligence; Incompetent Evidence.* In an action brought by the plaintiff against a city for injuries resulting from a fall while pass-

ing over a street-crossing which the city, through negligence, had allowed to remain in an unsafe condition, but the negligence was not gross, amounting to wantonness, *held*, that it was incompetent for the plaintiff in order to enhance his damages, or for any other purpose, to introduce evidence showing that he was financially embarrassed, that he was in debt, that he had mortgaged his homestead to secure his debts, and that he was troubled in mind concerning the future support of himself and family.

*Error from Labette District Court.*

ACTION brought by *Lindsay* against the *City of Parsons*, to recover damages for personal injuries resulting from a fall caused by a defective street-crossing. Trial at the February Term, 1880, of the district court, and judgment for the plaintiff for $3,000 and costs. The defendant brings the case here. The facts appear in the opinion.

*A. H. Ayres*, city attorney, for plaintiff in error:

1. The court below erred in overruling the objection of the defendant, and allowing the answer to the question asked witnesses whether they would consider this crossing safe. (Thompson on Neg. 799; 78 Ill. 347; 36 Iowa, 31. See also 43 Barb. 124; 2 N. Y. 514; 17 id. 340; 17 Kas. 599; 6 id. 46; 25 id. 351; 3 Cent. L. J. 504; 1 Starkie on Ev. 68; 1 Phillips on Ev. 290.)

2. The court refused defendant's request to instruct the jury that its obligation was to keep its sidewalks in such repair as to be reasonably safe for footmen. The instruction asked is correct. (21 Kas. 575; 30 Conn. 118; 2 Iowa Digest, p. 792, § 220. See also 3 South Car. 232; 2 Thomp. on Neg. 784; 21 Kas. 575; 5 id. 608; 8 id. 647.)

3. The court also charged the jury that, as an aid in determining whether the crossing was in an unsafe condition, they might consider the condition in which it had been up to the time it had been interfered with by the party making improvements in the sidewalk passing the bank, and connecting with the crossing, and the condition it was put in by the defendant after the plaintiff's hurt. Now on what principle?

Why as an admission by act against interest? But there was no evidence that the crossing was disturbed because it was defective, or for greater safety as to the crossing, nor that defendant or any person changed its condition after the plaintiff's hurt because it was defective, or for greater safety as to the cross-walk. Really the first disturbance was shown to have been in laying down a full-width sidewalk by the bank, and the last to return to the former form of complete connection with the new curbing, against the usefulness of the street for vehicles passing near the curbing. The court thus commanded the jury to base their verdict on what was simply illusory. It was like evidence to be derived from personal appearance under a criminal charge, which is now discarded. (11 Kas. 47.)

4. The court charged that, in estimating the damages, they might consider the mental suffering, of which after the hurt evidence had been given, under defendant's objection. This was error. (16 Kas. 382; Field on Damages, § 80; Thomp. on Neg., § 55; 8 La. 26; 3 R. I. 88.) Compensatory damages only are proper here; and while it may be admitted that they include physical pain, they do not include mere mental suffering. (Field on Damages, p. 101; 2 Gr. Ev., § 267; 2 Thomp., p. 1287, § 90; Abbott's Trial Ev., p. 601, § 49; 9 Kas. 551; 21 id. 722; 18 How. Pr. 169; 1 Camp. 124; 1 Salk. 289; 51 Pa. St. 339; 53 id. 276; 48 N. H. 541; 4 Daly, 182.)

*C. H. Kimball,* also for plaintiff in error:

1. The first error of which the city complains is that the court permitted defendant in error, over proper objection and exception, to ask of several witnesses if, in their opinion or judgment, the street crossing when the accident happened was safe or dangerous. This testimony was incompetent, and should have been excluded. (2 Thomp. on Neg., p. 799, and cases cited; 1 Gr. Ev., § 440, and note 4; 2 N. Y. 514; 3 Am. L. J. [N. S.] 274; 5 Cush. 590; 15 N. H. 109; 17

Wend. 136; 23 id. 424.) No attempt was made to show that the witnesses were experts or were possessed of any special skill or experience upon the subject; nor would such testimony have been allowed, as the subject-matter of the inquiry was not such as to warrant it. It requires no previous course of study, habit or peculiar skill to enable any person to understand and know whether a foot-way, by reason of some depression or irregularity in the surface, is safe or dangerous. After the evidence as to its actual condition had been given, the jury should have been permitted to reach a conclusion as to its safety, uninfluenced by the mere opinions of half a dozen witnesses. The rule is stated in a note to *Carter v. Boehm*, 1 Smith's Leading Cases, 286. See also 36 Iowa, 31, 462; 9 id. 1; 40 N. H. 47; 8 Allen, 408; 7 Cush. 321.

2. The measure of damages in this case should be compensation for loss of time, for expenses, and for physical pain which has resulted from the injury, and for such further loss or damage for the disability occasioned by the injury as appears to be the natural and probable result thereof. Forebodings of death, mental anxiety and suffering are elements which are too vague and uncertain to be considered. The measure is compensation, not punishment. (9 Kas. 551; 6 Nev. 224; 2 Gr. Ev., § 269.)

The wealth or poverty of the injured party has nothing to do with the amount that should be awarded him as compensation for the injuries; as well might evidence be given as to the size of his family. (4 Gill, 409; 65 Ill. 160; 74 id. 341; 44 Cal. 414; 46 id. 409.)

The court instructed the jury that "if the crossing was in an unsafe and dangerous condition, and the defendant knowing the fact, suffered it to remain in such condition for several weeks, it was guilty of negligence." Under some circumstances the matters stated would constitute negligence. Under other circumstances they would not. The court should have permitted the jury to say what constituted negligence in this case. (38 Iowa, 427; 122 Mass. 123; 40 N. H. 410; 60 Ill. 265; 8 Minn. 154.)

*E. C. Ward,* for defendant in error, reviewed the evidence, and contended that the defendant in error was not negligent; that the city was negligent, and liable for damages, citing 9 Kas. 559; 2 id. 261.

The court will not disturb a verdict where there is *any* evidence to sustain it. (3 Kas. 499; 5 id. 58; 7 id. 280; 8 id. 224, 538; 9 id. 511; 10 id. 447; 17 id. 146, 204, 380.)

The instructions asked and refused were substantially included in the instructions given by the court, and a repetition of them was properly refused. (6 Kas. 378.)

As to the portion of the charge of the court excepted to by plaintiff in error, the charge as a whole is correct, and "an entire charge must be taken together. One instruction may be qualified by another." (10 Kas. 227.)

Errors too slight to "affect the substantial rights of the adverse party" will be disregarded. (Gen. Stat., ch. 80, § 140.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by W. H. Lindsay against the city of Parsons, for injuries resulting from a fall caused by an alleged defective street-crossing. The answer was a general denial. A trial was had before the court and a jury, which resulted in a verdict in favor of the plaintiff and against the defendant for $4,000. A motion was made by the defendant for a new trial upon several grounds, and was conditionally sustained upon the ground that excessive damages appeared to have been given under the influence of passion and prejudice, but was to be overruled and the new trial refused upon the condition that the plaintiff below should consent to remit the sum of $1,000 given to him by the verdict. The plaintiff then consented to remit that amount, and the motion for a new trial was overruled, and judgment was rendered in favor of the plaintiff and against the defendant for the sum of $3,000 and costs. The defendant then brought the case to this court for review.

The facts of the case appear to be substantially as follows:

The plaintiff below, while crossing a street in the city of Parsons about midnight, stepped from a street-crossing into a gutter, which was from three to nine inches deep and three feet wide, and stumbling, fell violently forward upon the curbstone at the edge of the sidewalk beyond, and striking upon his knees, received the injury complained of, which was a fracture of the left knee-pan. The crossing had formerly extended over the gutter, making the surface of the sidewalk and the crossing continuous; but several weeks before the accident occurred, an abutting lot-owner had cut off the planks composing the crossing, for the purpose of putting in stone curbing and guttering, and after putting them in, left the gutter uncovered and in the condition as above stated. The condition of the crossing and of the sidewalk and gutter was known to the street commissioner and the other city officers for several weeks prior to the accident. The plaintiff below was a carpenter, and was so lamed by the injury as to be unable, down to the time of the trial, to work at his trade, but at that time was conducting a grocery business, and was able to walk about with a cane or crutch, and at times used both, and occasionally neither.

The first point made in this court by the plaintiff in error, defendant below, is that the court below permitted the defendant in error, plaintiff below, over the objections of the defendant, to introduce in evidence the opinions of several witnesses that the street-crossing where the accident occurred was unsafe and dangerous. No attempt was at any time made to show that these witnesses were experts, or that they possessed any peculiar skill or knowledge with reference to street-crossings. They, however, had seen the street-crossing where the accident in this present case had occurred. The plaintiff in error, defendant below, claims that this testimony was incompetent, and that the court below erred in permitting it to be introduced. We think the plaintiff in error is correct. (*Barnes v. The Incorporated Town of Newton*, 46 Iowa, 567; *The City of Chicago v. McGiven*, 78 Ill. 347; *Lincoln v. The Inhabitants of Barre*, 59 Mass. [5 Cush.] 590; *Bliss v. The*

*Inhabitants of Wilbraham*, 90 Mass. [8 Allen] 564; *Ryerson v. Abington*, 102 Mass. 526; *Oleson v. Tolford*, 37 Wis. 327; *Griffin v. The Town of Willow*, 43 Wis. 509; *Benedict v. City of Fond du Lac*, 44 Wis. 595; *Hamilton v. The Des Moines Valley Railroad Company*, 36 Iowa, 31; *Muldowney v. Ill. Cent. Rld. Co.*, 36 Iowa, 463; *Taylor v. The Town of Monroe*, 43 Conn. 36; *Monroe v. Lattin*, 25 Kas. 351; 2 Thompson on Negligence, 799, *et seq.*)

As a general rule the opinions of witnesses are not competent evidence, although such opinions may be derived from the witnesses' personal observation, and are sought to be given in evidence in connection with the facts on which they are based. To this rule there are some exceptions. In matters relating to skill or science, such persons as have had sufficient experience, or who are possessed of sufficient knowledge, and who are usually denominated *experts*, may give their opinions, whether they are personally cognizant of the facts, or not. There are also some exceptions, seemingly founded upon convenience or necessity, and relating to such matters as involve magnitudes or quantities, or portions of time, space, motion, gravitation, or value, and such as involve the condition or appearance of objects, as observed by the witness; and matters which, from their limitless details, and the infirmity of language and memory, can not well be stated by the witness, except in the form of an opinion. The present case, however, does not come within any of the exceptions, but comes within the general rule; and therefore it was error for the court to admit the evidence. Whether the crossing was safe or unsafe, depended upon very many circumstances. The crossing was evidently safe enough for an ordinary person to pass over it on a bright, cloudless, sunshiny day, while it was probably unsafe for a weak, infirm, decrepit person to pass over it on a dark, rainy, moonless, starless night, without artificial lights, and on wet, muddy, and slippery ground. Also the width and depth of the gutter, and the character of its sides as to hardness, softness, etc., must be taken into

1. Witnesses, opinions of; rule; experts.

consideration. All these circumstances, however, should have been given to the jury, and then the question, whether the crossing was safe or unsafe, should have been left to the jury to determine.

The court below, in instructing the jury with reference to this evidence, said :

"These opinions are not conclusive upon you, but may be considered in connection with all the proof, and given such weight and influence as you may think they deserve in aiding you to determine whether the crossing was in fact in an unsafe or dangerous condition."

This instruction is also erroneous.

The plaintiff in error, defendant below, also claims that the court below erred in permitting evidence to go to the jury tending to show that the plaintiff was in straightened financial circumstances ; the amount of capital which he had invested in a grocery business which he was then carrying on ; that he was in debt, and had borrowed money, mortgaging his homestead as security ; that he was troubled in his mind concerning the future support of himself and family, and was also troubled in his mind concerning his ultimate recovery from the injuries. The plaintiff in error also claims that the court below erred in its instructions with reference to these matters. The court instructed the jury, among other things, as follows:

"Physical and mental suffering and pain, . . . and any and all circumstances developed upon this trial calculating to aid you in determining the real extent and character of the plaintiff's injuries, are subjects for your thought and consideration in estimating and computing his damages, and for which the defendant should make him compensation, in the event your verdict is for him and against the city."

We suppose that in all cases where the plaintiff is entitled to recover exemplary damages for injuries inflicted upon him, he may recover for physical and mental suffering, although in many cases the physical and mental suffering may be the indirect and remote consequence of the injuries he has received. We also suppose that whenever he is entitled to recover dam-

ages for personal injuries, he may recover for all physical and mental pain, which is the direct, immediate, necessary and proximate result of the injuries received.

Now, does the present case fall within any of these cases? We think we must answer this question in the negative. We do not think that the present case is one in which the plaintiff is entitled to recover exemplary damages. Mr. Field, in his work on the Law of Damages, says, speaking of municipal corporations, that "they cannot as such be supposed capable of doing a criminal act or willful and malicious wrong, and therefore cannot be liable for exemplary damages." (Field on Damages, p. 86, § 80.) But for the purposes of this case, supposing that municipal corporations may sometimes be liable for exemplary damages, yet they certainly cannot be thus liable in the present case. Where exemplary damages are founded upon negligence, the negligence must be so gross as to amount to wantonness. (*L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426; *K. P. Rly. Co. v. Kessler*, 18 Kas. 523; *Hefley v. Baker*, 19 Kas. 12; *K. P. Rly. Co. v. Little*, 19 Kas. 269; *Wallace v. The Mayor of New York*, 18 How. Pr. 169.)

*2. Damages; negligence; incompetent evidence.*

Now it cannot be contended that the negligence in the present case was so gross as to amount to wantonness. Neither can it be contended that the mental pain suffered by the plaintiff was the direct, immediate, necessary and proximate result of the injuries which he received. Indeed, it can seldom happen that mental pain can result directly and proximately from an injury resulting from mere negligence; and hence it has often been said that in cases of mere negligence, without any element of fraud, malice or wantonness, damages for mental pain cannot be recovered. (2 Gr. Ev., § 267, and notes; Field on Damages, p. 498, § 630.) Neither is it competent for the defendant to show his financial or social condition. (*K. P. Rly. Co. v. Pointer*, 9 Kas. 620, 629; *The City of Chicago v. O'Brennan*, 65 Ill. 160; *P. F. W. & C. Rly. Co. v. Powers*, 74 Ill. 341; *Stockton v. Frey*, 4 Gill [Md.] 406; *City of Atchison v. King*, 9 Kas. 551.)

To permit the plaintiff to introduce evidence showing that he was financially embarrassed, that he was in debt, and that he had mortgaged his homestead to secure his debts, and that he was troubled in mind concerning the future support of himself and family, is virtually to impose upon the city the burden of paying his debts and mortgages, and of supporting the plaintiff and his family. This the law does not require. The law treats all persons alike, whether rich or poor, and a plaintiff cannot show that he is either rich or poor for the purpose of enhancing his damages.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.