MORSE, Petitioner, v. DUNCAN, Receiver, etc.*

(*Circuit Court, S. D. Mississippi.* November 29, 1882.)

1. RAILROADS—DUTY OF EMPLOYES IN CHARGE.—It is the duty of those in charge of a railway train, on approaching a station where such trains stop, upon being flagged so to do, to be on the alert and look out for such signal, and stop when it is given.

2. SAME—DAMAGES— PERSONAL INJURY—SHOWING REQUIRED.—In the absence of gross negligence, recklessness, willfulness, malice, insult, or inhumanity, actual damages can only be allowed.

3. SAME—RECOVERY.—No recovery can be allowed for inconvenience or even physical hardship when the same are voluntarily undertaken.

4. SAME—GENERAL RULE.—The general rule is "that pain of mind is only the subject of damages when connected with bodily injury; it must be so connected in order to include it in the estimate, unless the injury is accompanied by circumstances of malice, insult, or inhumanity."

*W. G. Grace*, for petitioner.

*E. L. Russell* and *B. B. Boone*, for respondent.

HILL, D. J. This is a petition claiming $1,000 damages of the defendant for the alleged default of his employes in neglecting to stop defendant's passenger trains at Marion, a flag station on the Mobile & Ohio Railroad, of which defendant is receiver, to take peti-

*Reported by B. B. Boone, Esq., of the Mobile, Alabama, bar.

tioner on board said trains and transport him to Scooba, on said road. The allegations of the petition are denied.

The proof shows that petitioner went to the station at Marion on the morning of December 29, 1881, to take the train for Scooba; that the train passed the usual place for stopping to put off and take on passengers, and that after remaining some four or five minutes it passed on; that before stopping the whistle was blown to give notice of the coming of the train and the intention to stop; that passing the usual place of stopping was for the purpose of transferring a lady and her children, with their baggage, from the train to a freight train, to be returned to Meridian, where she had gotten on the train by mistake; that not being flagged, or having any notice that any one wished to get on the train at that place, the train passed on. There is no allegation in the petition, or any proof, that the train was flagged that morning. The petitioner was advised by an employe of the postmaster at Marion that the train would back down to the usual place of stopping, and he did not attempt to get on the train and was left. This was a misfortune to the petitioner, but without fault on the part of the conductor or other employes of the defendant; hence no recovery can be had for this misfortune. The proof by the petitioner and another young man who designed to take the train on the same morning, as well as by the employe of the postmaster, who took the mail to the train and received it, and who was in the habit of giving signals for the stoppage of the train, is that on the thirtieth inst. he did flag it for the purpose of stopping the train to enable the petitioner and the other witness to get on the train, and that it passed on without stopping. The conductor and the engineer in charge of the train testify that their uniform custom is to look for the signal at that place, and that none was given that morning. I presume that the witnesses on the behalf of the petitioner testify truly, and that the signal was given, and must believe that defendant's witnesses testify truly in stating that they did not see the signal, and can only reconcile the conflict by holding that they were mistaken in their opinion that they noticed or looked for the signal sufficiently to discover it, and which it was their duty to have done.

Under these circumstances petitioner is only entitled to the actual pecuniary damages he has shown he sustained by reason of his failure to get upon the train that morning. He alleges, but does not prove, that he had to procure a private conveyance and go with his trunk to Meridian to get on the train. He does not prove that he paid anything for this conveyance; but presuming that he did, and had to

pay for his night's lodging and for supper, five dollars would cover the amount, including loss of time. He further proves that when he arrived at Scooba the conveyance which was there the day before had left, and that he had to walk through the mud a distance of 12 miles and procure a wagon next day and return for his trunk, for which his brother-in-law charged him $2.50, which was certainly a full price for a brother-in-law; but, if he had chosen so to do, he could doubtless have procured a conveyance from Scooba for five dollars that would have taken both himself and trunk home the day he arrived, and saved himself that muddy walk. Inasmuch as this muddy walk was undertaken voluntarily by the petitioner, no compensation can be allowed him therefor, (*Francis* v. *St. Louis Transfer Co.* 5 Mo. App. 7; *Trigg* v. *St. Louis, K. C. & N. R. Co.* 6 Am. & Eng. R. R. Cas. 349;) so that five dollars for his actual damages at this end of the line will be full compensation, unless we consider the extreme anguish of mind he endured. If he is not more fortunate than most men, he will meet many as severe anxieties in life without a thought of compensation. The general rule is that "pain of mind is only the subject of damages when connected with bodily injury; it must be so connected in order to include it in the estimate, unless the injury is accompanied by circumstances of malice, insult, or inhumanity." Pierce, R. R. (Ed. 1881,) 362; *I. B. & W. Ry. Co.* v. *Birney,* 71 Ill. 391; *Francis* v. *St. Louis Transfer Co.* 5 Mo. App. 7. · Had the engineer or conductor seen the signal and disregarded it, then punitive damages might have been awarded; but as the signal used was one of danger—a red light—it is not to be presumed either of them saw it, and disregarded it so that its non-observance was more an accident than otherwise, for which, as already stated, none but actual damages can be awarded. *Nelson* v. *A. & P. R. Co.* 68 Mo. 593; 2 Redfield, Railw. (5th Ed.) 262; *Milwaukee R. Co.* v. *Arms,* 91 U. S. 489; *C., St. L. & N. O. R. Co.* v. *Scurr,* 59 Miss. 456.

The receiver will pay the petitioner the sum of $10; and, as there is no proof that this sum was tendered, will also pay the costs of this proceeding.