FRERICKS, for the use, etc., v. BERMES.

(*Circuit Court, D. New Jersey.* November 7, 1884.)

NEW TRIAL—EXCESSIVE DAMAGES—PERSONAL INJURY.
 In an action for a personal injury caused by negligence, the damages cannot be measured by any fixed standard, but rest in the sound discretion of the jury; and that discretion cannot be interfered with by the court unless the damages allowed are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the case.

On Motion for New Trial.
*Gilbert Collins,* for the motion.
*Salomon & Randolph,* contra.

NIXON, J. Three grounds are alleged why the verdict in the above case should be set aside and a new trial granted: (1) Because the evidence for the plaintiff did not disclose a right of action; (2) be-

cause the verdict was against the weight of evidence; (3) because the damages were excessive. The first and second points go to the extent of challenging the propriety of any verdict for the plaintiff. The third, falling short of this, has reference only to the amount of damages. On the argument of the rule, the counsel of the defendant did not dwell upon the first and second, but laid much stress upon the third point.

We have given more than ordinary attention to the motion, (1) because if the court had been charged with the responsibility of setting the amount of the damages which ought to have been recovered it would probably have awarded a smaller sum than the jury gave; and (2) because the case is one where the defendant has no opportunity of invoking the aid of an appellate court to correct any errors of judgment which may be committed here; but, after a careful consideration of all the points, we have not been able to find any ground which will justify the court in disturbing the verdict. The suit was fairly tried by able and experienced counsel. There was no pretense that anything more than compensatory damages should be demanded or awarded. The real plaintiff was a child of tender years, who, it was alleged, was run over in one of the streets of the city of New York by a beer-wagon of the defendant, in consequence of the neglect and careless driving of his servant, and a compound fracture inflicted on the elbow of her left arm, which, the medical testimony went far to show, had not only occasioned much suffering in the past, but, by hindering a free use of the arm, would prove a life-long injury in the future.

It is not, therefore, one of the class of cases where a legal measure of damages exists, as where one sues in trespass for an injury to his freehold, and where no right is involved beyond a mere question of property. In such cases the rule to be applied is a fair compensation for the injury done, as shown by the evidence, and the verdict is under the control of the court. *Berry* ads. *Vreeland,* 1 Zab. 183. But the action in this case is for a personal tort, and the damages cannot be measured by any fixed standard; they rest in the sound discretion of the jury, and that discretion cannot be interfered with by the court in the exercise of its discretion. The rule here is that the judgment of the jury, and not the opinion of the court, must govern in the assessment of damages, unless they are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case. See Wood's Mayne, Dam. 751.

The jury was an intelligent one, and there is no evidence that the jurors were influenced by any of these motives. The damages are not so excessive that the court would be warranted in inferring from their amount alone that they were thus influenced. The elements of injury which they were to consider in making up their verdict were carefully stated to them by the court, and we know of no legal measure

or criterion to which we may subject their judgment or determine its reasonableness.

The rule to show cause is discharged.