The Atchison, Topeka & Santa Fe Railroad Company v. A. J. Lamoreux.

No. 97.

1. Railroad Passenger — *in this case not bound upon eviction to go to nearest station.* Where a person gets upon a railroad train at a station eight or nine miles distant from his home, and is unlawfully evicted from such train about a mile and a half from said station and about seven miles from his home, at about ten o'clock on a dark, stormy night, with but three cents in his pocket, it is not error for the court to refuse to instruct the jury that said passenger should have returned to the station at which he boarded the train, instead of continuing his journey home.

2. Exemplary Damages — *not warranted in this case.* Where a person whose duty it is to sell railway tickets is temporarily absent from the ticket office, and such office is not open in the manner required by the statutes, so as to permit the charge of excess fare under the statutes then in force, and where the passenger, by reason thereof, has failed to procure a ticket, and is evicted from

814    A. T. & S. F. Rld. Co. v. Lamoreux.

S. Dept.              Opinion.   Dennison, P. J.          5 Kan. App.

the train by the conductor upon his refusal to pay the excess fare, which eviction is done in a gentlemanly manner and without any acts of abuse or violence and in the absence of any wanton mistake or malicious motive; *held*, that there is no such showing of gross negligence or of wanton disregard of the rights of the passenger as will entitle him to recover exemplary damages.

3. PROVINCE OF JURY — *to decide what facts have been proved.* It is the province of a jury to decide upon what facts have been proven, but not to decide upon what an admitted fact tends to prove.

4. DAMAGES, PRACTICE — *certain elements of damage not necessarily subdivided.* Where a person is entitled to recover for physical pain and for such mental pain and suffering as grow immediately out of, or result directly from, the physical pain he endured, there is no good reason for requiring these elements of damage to be divided into minor subdivisions; but where they have been so divided in answer to questions propounded by the plaintiff in error, the court commits no error in refusing to eliminate from the judgment the award made for mental suffering, the result of physical pain.

Error from Stafford District Court. Hon. J. H. Bailey, Judge. Opinion filed June 18, 1897. *Modified.*

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

*Moseley & Dixon,* for defendant in error.

DENNISON, P. J. This is an action brought in the District Court of Stafford County, Kansas, by A. J. Lamoreux, as plaintiff, against the Atchison, Topeka & Santa Fe Railroad Company, as defendant, to recover damages alleged to have been sustained by him in being, on the twenty-sixth day of September, 1891, unlawfully ejected from a train operated by said Company. Lamoreux claims that he went to the depot of the Railroad Company at Stafford, a short time prior to the departure of the train which ran from there to St. John, and went to the ticket window

in time to purchase a ticket and safely board the train ; but that there was no person in the ticket office to sell him a ticket, that no one returned so that he could purchase a ticket before the departure of the train, and that just prior to its departure he got on said train for the purpose of riding to St. John, which was about eight or nine miles distant.   When the conductor came to Mr. Lamoreux and asked for his ticket he handed to him twenty-six cents, twenty-five of which the conductor took and put into his pocket.   The conductor then looked at his rate book and told Lamoreux that the train fare was thirty-six cents and that he must pay that amount or walk.   Lamoreux then offered the conductor two or three cents more, and said to him : "I could not get a ticket, but here is enough to make twenty-eight cents and that is three cents per mile, and that is all the money I have." The conductor stopped the train about one and one-half or two miles from Stafford and about seven miles from St. John, and Lamoreux got off the train without any physical force being used by the conductor. The conductor retained the twenty-five cents given to him by Lamoreux.   The night was very dark and stormy.   Lamoreux continued his journey on foot, following the railroad to St. John.   He was evicted from the train shortly after ten o'clock P. M. and arrived home after two o'clock the next morning. Lamoreux lived in St. John and was returning home. He was a cripple, and told the conductor so when he was being evicted.

The first error argued by the plaintiff in error is, that the court erred in refusing to instruct the jury, in effect, that Lamoreux should have returned to Stafford instead of continuing his journey to St. John ; that as he was about sixty-two years old and a cripple,

and as the night was very dark and stormy and threatened rain, it was his duty to seek the most convenient shelter.  Lamoreux lived in St. John and was going home.  He had been left on the prairie a mile and a half from Stafford and seven miles from St. John with but three cents in his pocket.  His business called him to St. John, his home was there, and he took passage on the train in an endeavor to go to his home. Having been put off the train and being without means to procure a conveyance to take him, he was compelled to walk, which he did.  The court did not err in refusing to give these instructions.

The second error argued is, that the court erred in refusing to instruct the jury that, if the removal of the plaintiff from the train was without unnecessary force, abusive language, malice or insulting language or conduct, no exemplary damages can be allowed. Other assignments of error are predicated upon the instructions of the court relative to exemplary or punitive damages, and the refusal of the court to reduce the amount of the verdict so as to exclude the exemplary damages.  These questions may all be considered together.  No such gross negligence or disregard of the rights of Lamoreux exists in this case as will entitle him to exemplary damages.

The person whose duty it was to sell tickets at that time was temporarily absent, and the ticket office was not open in the manner required by the statutes to permit the charge of excess.  Lamoreux tendered the conductor twenty-eight cents which is all that could be legally charged for his passage to St. John. He was therefore not a trespasser upon the train, and the employees of the Company had no right to evict him.  However, the act of the ticket seller is not shown to be malicious or wanton.  The action of the

conductor in evicting him from the train was not the
result of a wanton mistake, nor was it accompanied
by any acts of violence. It is contended that
the conductor acted maliciously in keeping the
twenty-five cents and then evicting Lamoreux from
the train. The jury in the twenty-fourth special
finding say they do not know whether the conductor
kept the twenty-five cents intentionally or inadver-
tently. In their twenty-fifth special finding they say
that they find that it tends to prove malice. If the
jury do not know that the conductor kept the money
intentionally, they certainly cannot say that he did it
maliciously. Then, again, it is the province of the
jury to decide upon what has been proven — to decide
upon what are the facts, and not upon what a fact ad-
mitted tends to prove. The judgment should have
been so modified as to eliminate therefrom the eighty-
five dollars awarded as exemplary damages. The
jury awarded the plaintiff below $115 for pain and
suffering and $110 for mental suffering, the result of
pain. The counsel for plaintiff in error contend that
the court erred in not modifying the judgment by
eliminating therefrom the $110 for mental suffering,
the result of pain. The special questions were sub-
mitted at the request of plaintiff in error, and the di-
vision of these elements of damage into different parts
was done by its counsel. The defendant in error is
entitled to recover for physical pain and for such
mental pain and suffering as grow immediately out
of, or result directly from, the physical pain he
endured. In *A. T. & S. F. Rld. Co. v. Dickerson* (4
Kan. App. 345), the counsel for the company con-
tended that the trial court erred in not compelling the
jury to divide these two elements of damage. In that
case we held that there was no good reason for requir-

ing these elements of damage to be divided into minor subdivisions. In this case they have been divided into minor subdivisions in answer to the questions propounded by the plaintiff in error. Although not necessary, it is not error, and the defendant in error is entitled to recover upon each of these elements of damage.

The passenger in this case, being an old man and a cripple and being evicted from the train seven miles from his destination on a dark, stormy night, caught cold, and suffered for a considerable time from his lame leg which was made much worse by the exposure, and he was still suffering from it in some degree at the time of the trial in the court below. Under this state of facts the amounts found for such suffering are not excessive.

The case will be remanded with instructions to the District Court to modify the judgment by deducting therefrom the sum of eighty-five dollars which was allowed as exemplary damages. The costs in this court will be divided equally between the parties hereto.