The Atchison, Topeka & Santa Fe Railroad Company v. Nannie Lee.

No. 342.

1. Railroads—*Injury to Passenger—Allowance for Permanent Injuries.* Where, in an action to recover damages for personal injuries resulting from the negligence of the defendant, the evidence tended to prove permanent injuries to the nervous system of plaintiff, and especially to the nerves of her face, causing severe and protracted attacks of neuralgia and headache, *held*, that the allowance of $1000 for permanent injuries is not so excessive as to indicate passion and prejudice on the part of the jury against the defendant.

2. ——— *Special Findings—Allowances for Mental and Physical Suffering.* Where, at the request of the defendant, the

jury returned special findings showing an allowance for pain and suffering and a further allowance for mental suffering and distress, *held*, that the two items will be treated as equivalent to a single allowance for mental and physical pain and suffering, where the same is supported by evidence.

Error from Chase district court; LUCIEN EARLE, judge. Opinion filed August 15, 1898.   Affirmed.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*Madden Bros.,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by Mrs. Nannie Lee, a married woman, to recover from the plaintiff in error the sum of $5000, as damages resulting from personal injuries alleged to have been occasioned by the negligence of the defendant in the operation of the railroad while the plaintiff was being transported thereon as a passenger.   The injury was received on August 9, 1892, near the city of Denver, and was caused by the derailment of a passenger-train carrying excursionists to that city during the Knights Templar conclave.   The amended petition, filed on December 5, 1892, alleged that plaintiff was "cut, bruised and injured in and about the face, head, neck, shoulders, back, breast, and arms, and mashed, mangled, and disfigured, so that she, the said plaintiff, was lamed, sick, and disabled, and wholly unable to attend to the transaction of her ordinary pursuits and occupations."   It is also alleged that ever since the injury was received, and by reason thereof, the plaintiff "has suffered intense physical and mental pain, injury, and affliction, and by reason of said injuries the plaintiff has become permanently and forever injured, crippled, and disabled."   The company

answered by a general denial. The cause was tried May 10, 1893, and resulted in a verdict and judgment for plaintiff for $2000.

W. L. Baxter, a witness for plaintiff, who was near her when the car in which they were riding was derailed, described the occurrence and her injuries as follows:

"When the car turned and struck the ground plaintiff fell across to the opposite side of the car and was lying upon her back with her head near the opposite side and her feet toward the aisle. . . . The plaintiff was bleeding very profusely from the cut over one of her eyes. She was also bleeding from a cut on one of her cheeks; also, there was a bruise on the front part of her neck. . . . Plaintiff was unconscious from the time the car turned over."

This testimony was corroborated by that of other witnesses who were traveling with her. She was taken to a private house near by where she remained several hours. At four o'clock that afternoon, in company with her mother and other friends, Mrs. Lee left for Colorado Springs, where she remained until August 11, when she started for her home near Strong City, in Chase county, Kansas. She was confined to her bed most of the time for two weeks. The testimony as to the nature and effect of her injuries was very conflicting. The jury could have fairly found from the evidence that the plaintiff was severely shocked and bruised, that her right cheek bone was fractured, that she suffered physical and mental pain for some time after the injury, that thereafter she became subject to violent and prostrating attacks of neuralgia and headache, originating in the injured cheek and continuing for two or three days at a time. The jury found that if the plaintiff's face was dis-

Railroad Co. v. Lee.

figured in any way it was not visible to them.   Other special findings were as follows :

"1.  If you find for the plaintiff in this case, then state how much, if anything, you find as damages for the plaintiff for pain and suffering.  A.  $500."
"5.  How much do you allow the plaintiff, if anything, for permanent injuries ?  A.  $1000."
"8.  How much, if anything, do you allow the plaintiff for mental suffering and distress ?  A.  $500."

In another finding the jury said that plaintiff appeared to be well.   They allowed nothing as punitive damages, and nothing for loss of time or for medicine or medical attendance.   One of the instructions reads :

"You can only allow, if anything, such damages as will compensate the plaintiff for the injuries received, considering whether or not such injuries are temporary or permanent.   In such actual damages is included such as you see proper to allow, if any, for physical and mental pain that the plaintiff had to undergo by reason of the injuries."

Counsel for plaintiff in error state this proposition :

"A recovery for pain and suffering includes all physical and mental suffering and distress which is the direct result of an injury ; hence the judgment in this case, which includes $500 for 'pain and suffering' and $500 for 'mental suffering and distress,' is a double recovery, and excessive to the extent of $500 upon that ground alone."

It is argued that the court erred in permitting the plaintiff below to give evidence of mental suffering and distress aside from and independently of the physical suffering resulting from the injury.   The evidence referred to was the plaintiff's own statement that she was still troubled from excessive nervousness and more easily excited than she was formerly, and that it was not "pleasant riding on the railroad any

more." · Counsel for plaintiff in error say that the case was tried by the plaintiff and the court on the theory that "the plaintiff was entitled to recover damages not only for pain and suffering but, in addition to that, for mental anguish and distress, independent of the pain and suffering which was the immediate and direct result of the injury."

We think the jury were warranted in taking into account the plaintiff's mental suffering to the extent that such suffering resulted from her bodily injuries and was a concomitant of the physical pain she endured. (*City of Parsons v. Lindsay*, 26 Kan. 426; *City of Salina v. Trosper*, 27 id. 544; *A. T. & S. F. Rld. Co. v. Lamoreux*, 5 Kan. App. 813, 49 Pac. 152; *Brown v. The Hannibal & St. J. Rly. Co.*, 99 Mo. 310, 12 S. W. 656.)

We think the record supports the proposition that the allowance for physical pain and mental suffering was properly made by the jury. We also think that it is not necessary to regard the allowance of $500 as being intended to apply to future suffering. The jury allowed $1000 for permanent injuries. The evidence supporting this allowance indicates very slight injuries, so far as observation could go, but it tends to prove permanent injury to the nervous system of the plaintiff, and a special injury to the nerves of her face. The allowance is not so excessive as to indicate passion or prejudice.

The trial court relied on the decision in *A. T. & S. F. Rld. Co. v. McGinnis*, 46 Kan. 109, 26 Pac. 453, as authorizing a recovery for both physical pain and mental anguish growing out of personal injuries resulting from negligence. In the case of *A. T. & S. F. Rld. Co. v. Lamoreux*, 5 Kan. App. 813, 49 Pac. 152, the judgment of the trial court was approved notwith-

standing the special findings showed the jury had awarded the plaintiff "$115 for pain and suffering and $110 for mental suffering, the result of pain." The court said :

"In *A. T. & S. F. Rld. Co. v. Dickerson*, 4 Kan. App. 345, 45 Pac. 975, the counsel for the company contended that the trial court erred in not compelling the jury to divide these two elements of damage. In that case we held that there was no good reason for requiring these elements of damage to be divided into minor subdivisions. In ·this case they have been divided into minor subdivisions in answer to the questions propounded by the plaintiff in error. Although not necessary, it is not error, and the defendant in error is entitled to recover upon each of these elements of damage."

In the present case, separation of these elements of damage was made at the request of the defendant. From the findings, it is evident that the jury intended to allow $1000 for the plaintiff's pain and suffering, both physical and mental, as one element of damage. The permanent injuries, for which the jury awarded $1000, were of such character that a recovery was properly had therefor by the defendant, notwithstanding she was a married woman. (*City of Ellsworth v. Fletcher*, 59 Kan. 772, 51 Pac. 904.)

The judgment of the district court is affirmed.