# CAMELIA CAMACHO

## *v.*

# AMERICAN RAILROAD COMPANY.

---

San Juan, Law, No. 1197.

DAMAGES TO A CHILD PLAINTIFF.

Verdict—Instruction as to Amount.
> 1. Where it is agreed that the plaintiff is entitled to damages, the court may instruct the jury that it would set aside a verdict for less than a stated amount. There is no use permitting a verdict which would be set aside.

---

NOTE.—On right to allowance for pain and physical suffering in fixing damages for death, see note in 17 L.R.A. 72.

Camacho v. American Railroad Co.

Damage—Physical Pain.
> 2. A suit for physical pain alone is maintainable under § 1803 of the Porto Rico Civil Code when due to fault or negligence.

Opinion filed April 19, 1918.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is one of a series of cases growing out of a railroad accident on the defendant's line about December 9, 1916, when a number of passengers were injured by a collision of a passenger and a freight train. In the case at bar the passenger injured was a child under seven years of age.

1. One ground alleged for a new trial is that the court told the jury it would set aside a verdict for less than $100 damages. If there was any question as to there being damages, this would be improper; but it was agreed of record that there was negligence, and that the only matter to go before the jury was the amount of damages. This being so, an instruction that if there were to be any damages the court would set aside a verdict for less than $100 was within the discretion of the court. There was no use permitting a verdict which would have to be set aside.

2. It is also set up that, no pecuniary injury being shown to the child, there could be no money damage allowed at all. The old strict rule was that pain was not an independent cause

X. Porto Rico.—24.

Camacho v. American Railroad Co.

of action, and that there must be some money loss, if even only for medicine, before any allowance for pain could be taken into account. The case at bar is one where the medicine and medical attention could not have been charged up to the plaintiff, because she is a minor and not liable for them. In point of fact what was incurred was paid independently. So that the bare question is presented, whether, when a child under seven years of age is shown to have undergone a railroad-accident shock and suffered considerable pain, the jury can allow anything.

The matter of age may be eliminated, that relating merely to proof of amount of injury. The child may not be able to testify as intelligently to suffering as an adult, but, if proved, the child is entitled to recover if the adult is. The exact question is, whether, in any case, suffering unaccompanied by pecuniary loss is actionable. There is no doubt that in estimating damages for personal injuries the jury may take into consideration both physical pain and mental suffering—the two being inextricably mingled—undergone by the plaintiff as a consequence of the injury inflicted. It is quite true that pain and anguish cannot be measured by money; and it is difficult, if not impossible, to define the evidence which should be allowed as to amount of damages. Nevertheless, when physical pain and mental suffering are themselves shown, they have always been considered as an element of damage, and the assessment to be made must be left to the good sense and discretion of the jury. Frericks v. Bermes, 22 Fed. 424; Alabama G. S. Co. v. Burgess, 114 Ala. 587, 22 So. 169, 2 Am. Neg. Rep. 483; 13 Cyc. 136, 137. The mental suffering must be a direct, necessary, and proximate result of the physical

Camacho v. American Railroad Co.

injury, and does not include anxiety of mind unconnected with the bodily injury. Morse v. Duncan, 14 Fed. 396. Mental suffering may be inferred by the jury from the physical pain in evidence. 13 Cyc. 138.

It may be difficult to find decisions as to pain separate from those as to pecuniary loss; but an action brought in Porto Rico under Civil Code, § 1803, as in the case at bar, meets with less difficulty on this score than one brought under common-law principles, which originally related only to money damage. Section 1803 is as follows: "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

This covers only compensation, but there is no limitation of the compensation to money damage any more than there is to physical or mental suffering. Even under common-law principles it has been held that where the jury, in special findings, made a money allowance for pain and suffering and a further allowance for mental suffering, the two were regarded as equivalent to one allowance for suffering. Atchison, T. & S. F. R. Co. v. Lee, 8 Kan. App. 24, 54 Pac. 4, 4 Am. Neg. Rep. 633; 13 Cyc. 137, note. The damages recoverable are dependent upon the circumstances of each particular case as shown by the evidence. Kennon v. Gilmer, 131 U. S. 22, 33 L. ed. 110, 9 Sup. Ct. Rep. 696.

It follows, therefore, that the motion for a new trial must be denied.

It is so ordered.