ALDEN v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

THE KEEKOSKEE.

Circuit Court of Appeals, Fifth Circuit. February 23, 1928.

No. 5023.

1. Seamen ⬦29(5)—Evidence held not to require finding that injury to seaman's legs and back by escaping steam was permanent, or that he sustained financial loss.

In libel by seaman for injuries from escaping steam in engine room, causing burns on front and sides of both legs from waist down, and part of back, evidence *held* not to require finding that injury was permanent, or that libelant sustained any financial loss in consequence of it.

2. Seamen ⬦29(1)—Seaman's recovery for injury in engine room held not barred on ground he was at place he was not required to be as pumpman.

Where seaman was injured by escaping steam in engine room, while on way to pumproom, where he had been ordered to go to overhaul pumps, his recovery for such injuries *held* not barred on ground that he was at place he was not required to be in performance of duties, where evidence did not show that it was not permissible for him to be in engine room.

3. Admiralty ⬦118—Admiralty trial court's award of damages for physical pain should not be set aside as inadequate, in absence of abuse of discretion.

Admiralty trial court's award of damages for physical pain and suffering should not be set aside on ground of inadequacy of amount awarded, unless such inadequacy is so gross as to indicate abuse of discretion, or failure to give due consideration to circumstances and applicable law, since amount to be awarded is largely matter of discretion.

4. Damages ⬦131(6)—$600 held not inadequate for burns on seaman's legs and back from escaping steam, not causing permanent injury.

$600 *held* not inadequate for seaman's burns on front and sides of legs from waist down, and part of back, caused by escaping steam, where injury was not permanent, notwithstanding award of larger amount would have been sustainable.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Libel by William L. Alden against the United States Shipping Board Emergency Fleet Corporation and the steamship Keekoskee. Decree for libelant and he appeals, complaining of inadequacy of damages. Affirmed.

Philip D. Beall, of Pensacola, Fla., and Wm. G. Caffey, of Mobile, Ala. (Harry T. Smith, of Mobile, Ala., and John M. Coe, of Pensacola, Fla., on the brief), for appellant.

William Fisher of Pensacola, Fla., Edouard F. Henriques, Sp. Asst. in Admiralty to Atty. Gen., and W. I. Connelly, Atty. U. S. Shipping Board, of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. While the appellant was serving as a pumpman on the tank steamer Keekoskee, when it was being towed by the tug Hukey from Pensacola to New Orleans, he was, during the morning of June 20, 1923, ordered to overhaul the pumps in the pumproom, and about the same time two other employees on the steamer were ordered to go to the engine room and start the

generator, which was necessary to be done for the appellant to have lights for the overhauling of the pumps. The appellant went with the other two employees to the engine room, where the generator was to be started, intending to go to the pumproom after the generator was started. Immediately after the generator was started, steam escaped into the engine room from under the inspection plate on the main condenser, because of an obstruction in a pipe which prevented the passage of steam through it, and the appellant was severely burned before he could get out of the engine room. He filed a libel to recover damages for the injuries so sustained. By the decree appealed from he was awarded $600 and court costs.

[1] Testimony adduced by the appellant was to the following effect: Appellant was burned on the front and sides of both legs from his waist down, and on his buttocks and part of his back. Soon after the accident he was transferred to the Hukey, to be carried to Mobile. At Ft. Morgan the Hukey was met at about 1:45 p. m. of the same day by another tug, the Harry G. Lytle, which had been sent from Mobile, having aboard a physician, Dr. W. H. Slaughter, who was connected with the United States Marine Hospital at Mobile, and appellant was transferred to the Lytle and carried to the Marine Hospital at Mobile, and on account of his burns was in that hospital from June 20 to July 17, 1923. When he left the hospital, his burns were entirely healed. Appellant suffered great pain from the time he was burned until Dr. Slaughter rendered emergency relief. Dr. Slaughter testified to the effect that, when he first saw appellant, the latter did not appear to be in a serious condition. He was able to walk, and did walk in being transferred from the Hukey to the Lytle. Upon examination it was found that his pulse, temperature, and respiration were normal. His whole trouble, then, was pain from his burns. The evidence was not such as to require findings that appellant's injury was permanent, or that he sustained any financial loss in consequence of it.

[2] The appellant complains of the decree on the ground of the inadequacy of the amount awarded as damages. In behalf of the appellees it was contended that appellant was not entitled to recover, because his injury was a result of his being at a place where he was not required to be in the performance of his duties as a pumpman. We do not think that this contention is sustainable, as the evidence did not show that it was not permissible for the appellant to be in the engine room before going to the pumproom after the required lights were furnished. So far as the evidence indicates, when he was burned the appellant was not at a place on the vessel where he was forbidden to be.

[3, 4] There is no definite rule or fixed standard for measuring damages for physical pain and suffering. The amount to be awarded is largely a matter of discretion, depending upon a consideration of all the circumstances of each case, and an admiralty trial court's award of such damages should not be set aside by an appellate court on the ground of inadequacy of the amount awarded, unless the inadequacy is so gross as to indicate an abuse of discretion, or a failure to give due consideration to the circumstances of the case and the law applicable to it. Irvine v. The Hesper, 122 U. S. 256, 7 S. Ct. 1177, 30 L. Ed. 1175; Ross v. Texas & P. R. Co. (C. C.) 44 F. 44; Frericks v. Bermes (C. C.) 22 F. 424. It is to be expected that reasonable men will differ as to the amount of damages to be awarded in such a case as the instant one. Though an award of a larger amount would have been sustainable, we are not of opinion that the record shows that the award in question was so grossly inadequate as to indicate an abuse of discretion, and to call for an increase by this court of the amount awarded.

The decree is affirmed.